UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SPENCER MCCLAIN,

        Plaintiff,

   v.                                     Case No. 20-cv-1798-bhl

EARNELL LUCAS, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Spencer McClain, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on McClain's motion for leave to proceed without prepaying the full filing fee, motion for a preliminary injunction and/or motion for a temporary restraining order, and for screening of the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

McClain requested leave to proceed without prepaying the full filing fee. A prisoner plaintiff proceeding without prepayment of the filing fee is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McClain filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). The Court assessed, and McClain paid, an initial partial filing fee of $23.00. The Court will grant McClain's motion for leave to proceed without prepaying the filing fee.

## SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, McClain must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to plead every fact supporting his claims; he need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

There is a reason Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.*

McClain's complaint is 49 handwritten, single-spaced pages that includes numerous exhibits, multiple defendants (some of whom are allegedly "unknown"), and multiple unrelated claims. Before this case goes any further, the Court will require McClain to file an amended

2

complaint that complies with Fed. R. Civ. P. 8. The amended complaint must provide a simple, concise, and direct statement of his claims. McClain does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did.

As McClain considers what facts and information to include in his amended complaint, he should remember that he can join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents; <u>and</u> involves questions of law or fact that are common to <u>all</u> the defendants. Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This means that McClain likely cannot bring the various claims he identifies (i.e. denial of access to the courts, denial of mail, denial of religious services, denial of adequate food/diet, and unconstitutional conditions of confinement) in the same lawsuit. These claims belong in different lawsuits, for which he must pay separate filing fees.

The Court is enclosing a guide for *pro se* prisoners that explains how to file a complaint that the Court can effectively screen. The Court also will include a blank prisoner complaint form. The Court will require McClain to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If McClain believes he needs more space than is available in blank prisoner complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

The Court will also deny McClain's motion for preliminary injunction and/or motion for restraining order. In his motion, McClain asks the Court to do the following: (1) order the defendants to provide clean air; (2) order the defendants to provide access to the courts, including providing legal loans and "discovery materials;" (3) order the defendants to provide additional

3

exercise time and/or additional time outside of the cell; (4) order the defendants to provide additional religious services; and (5) order the defendants to deliver mail in a timely manner. Dkt. No. 4.

A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *See Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). The Court is requiring McClain to file an amended complaint, so it cannot determine at this time whether the relief he seeks in this motion is of the same character sought in the underlying case. The Court will deny the motion for preliminary injunction and/or motion for restraining order without prejudice.

## CONCLUSION

**IT IS ORDERED** that McClain's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 7) is **GRANTED**.

**IT IS ORDERED** that the complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8. McClain may file an amended complaint that complies with the instructions in this order by **April 12, 2021**. If McClain files an amended complaint by the date above, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If McClain does not file an amended complaint by the deadline, the Court will dismiss this case.

**IT IS ORDERED** that McClain's motion for a preliminary injunction and/or motion for a temporary restraining order (Dkt. No. 4) is **DENIED**.

**IT IS ORDERED** that the agency having custody of McClain shall collect from his institution trust account the **$327.00** balance of the filing fee by collecting monthly payments from McClain's prison trust account in an amount equal to 20% of the preceding month's income

credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McClain is transferred to another institution, the transferring institution shall forward a copy of this Order along with McClain's remaining balance to the receiving institution.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

McClain is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The Court includes with this order a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated at Milwaukee, Wisconsin this 12th day of March, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge